IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA, ex rel., and FLFMC, LLC, | ) ) ) Civil Action No. 10-773 ) ) Judge Arthur J. Schwab ) ) **ELECTRONICALLY FILED** ) ) ) ) ) |
| Plaintiffs, | |
| v. | |
| ACE HARDWARE CORPORATION, | |
| Defendant. | |

## ANSWER AND AFFIRMATIE DEFENSES OF ACE HARDWARE CORPORATION

Defendant Ace Hardware Corporation ("Ace"), by and through its undersigned counsel, files this Answer and Affirmative Defenses to the allegations set forth in Plaintiff's Complaint, averring as follows:

### NATURE OF THE ACTION

1. Ace admits that Plaintiff's Complaint purports to set forth a claim pursuant to 35 U.S.C. §292(a).

### THE PARTIES

2. Ace admits that the Complaint purports to be brought on behalf of the United States and FLFMC, but is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 2 of the Complaint, and therefore denies those allegations.

3. Admitted.

### JURISDICTION AND VENUE

4. The Allegations of Paragraph 4 of the Complaint set forth a conclusion of law to which no answer is required. To the extent that an answer is required, Ace admits that this Court

1

has jurisdiction over actions brought under 35 U.S.C. §292(a) pursuant to 28 U.S.C. §§1331, 1355(a) and 1338(a) and (b), but denies the remaining allegations of this paragraph.

5. The allegations of paragraph 5 of the Complaint sets forth a conclusion of law to which no answer is required. To the extent that an answer is required, Ace denies these allegations.

6. The allegations of paragraph 6 of the Complaint sets forth a conclusion of law to which no answer is required. To the extent that an answer is required, Ace denies these allegations.

## BACKGROUND

7. Ace admits that United States Patent No. 3,979,931 ("the '931 patent") was filed with the United States Patent and Trademark Office on May 8, 1975, and issued on September 14, 1976. The document speaks for itself and Ace denies any allegations concerning its contents that are inconsistent therewith.

8. Upon information and belief, Ace admits that the '931 patent expired on September 14, 1993.

9. Ace admits that it sells privately-labeled padlocks identified as "Padlock Laminated Steel" to its affiliated stores. Ace denies the remaining allegations of Paragraph 9 of the Complaint.

10. Ace lacks information or belief as to whether the privately-labeled padlocks identified as "Padlock Laminated Steel" were marked with the '931 patent, and therefore denies the allegations of Paragraph 10 of the Complaint.

11. Ace admits that United States Patent no. 3,858,419 ("the '419 patent") was filed with the United States Patent and Trademark Office on December 3, 1973, and issued on January

7, 1975.  The document speaks for itself and Ace denies any allegations concerning its contents that are inconsistent therewith.

12. Upon information and belief, Ace admits that the '419 patent expired on January 7, 1992.

13. Ace admits that United States Patent No. 4,224,813 ("the '813 patent") was filed with the United States Patent and Trademark Office on December 26, 1978, and issued on September 30, 1980.

14. Upon information and belief, Ace admits that the '813 patent expired on December 26, 1998.

15. Ace admits that United States Patent No. 4,226,100 ("the '100 patent") was filed with the United States Patent and Trademark Office on January 31, 1979, and issued on October 7, 1980.

16. Upon information and belief, Ace admits that the '100 patent expired on January 31, 1999.

17. Ace admits that it sells private-labeled padlocks identified as "Padlock Weatherproof" to its affiliated stores.  Ace denies the remaining allegations of Paragraph 17 of the Complaint.

18. Ace lacks information or belief as to whether the privately-labeled padlocks identified as "Padlock Weatherproof" were marked with the '419, '813, and '100 patents, and therefore denies the allegations of Paragraph 18 of the Complaint.

**FIRST CAUSE OF ACTION: FALSE MARKING**

19. Ace incorporates by reference it responses to the preceding paragraphs as though more fully set forth herein.

20. Ace lacks information or belief as to whether privately-labeled padlocks identified as "Padlock Laminated Steel" were marked after May 8, 1995, with phrases referring to the '931 patent, and therefore denies the allegations of Paragraph 20 of the Complaint.

21. Denied.

## SECOND CAUSE OF ACTION: FALSE MARKETING

22. Ace incorporates by reference it responses to the preceding paragraphs as though more fully set forth herein.

23. Ace lacks information or belief as to whether privately-labeled padlocks identified as "Padlock Weatherproof" were marked after January 31, 1999, with phrases referring to the '419 patent, and therefore denies the allegations of Paragraph 23 of the Complaint.

24. Denied.

25. Ace lacks information or belief as to whether privately-labeled padlocks identified as "Padlock Weatherproof" were marked after December 3, 1993, with phrases referring to the '813 patent, and therefore denies the allegations of Paragraph 25 of the Complaint.

26. Denied.

27. Ace lacks information or belief as to whether privately-labeled padlocks identified as "Padlock Weatherproof" were marked after December 26, 1998, with phrases referring to the '100 patent, and therefore denies the allegations of Paragraph 27 of the Complaint.

28. Denied.

## AFFIRMATIVE DEFENSES:

Further responding to the Complaint, Ace asserts the following defenses, without admitting any allegations of the Complaint not otherwise admitted and without assuming any burden when such burden would otherwise be on FLFMC. Notwithstanding the following

defenses, Ace expressly reserves the right to assert further defenses and actions which may be appropriate upon further discovery in this matter.

### First Defense

FLFMC does not have standing to bring this action.

### Second Defense

The Complaint fails to state a claim upon which relief can be granted, and with the requisite particularity, and therefore must be dismissed.

### Third Defense

FLFMC's claim is barred by the equitable doctrine of waiver, estoppel, and laches.

### Fourth Defense

To the extent that FLFMC alleges that it is entitled to any damages under 35 U.S.C. §292(a) stemming from actions that occurred more than five years prior to the date FLFMC commenced this action, the claim is barred by the statute of limitations.

### Fifth Defense

Plaintiff's claims against Ace must fail because Ace did not mark upon, or affix to, or use in advertising, phrases referring to the patents in question in connection with the privately labeled products claimed in the Complaint and, accordingly, is not a proper party to this action.

### Sixth Defense

This action is not an "exceptional case" under 35 U.S.C. § 285 and FLFMC is not entitled to its reasonable costs and attorneys' fees.

DEL SOLE CAVANAUGH STROYD LLC

By: /s/   William S. Stickman IV

                Mathew T. Logue, Esquire
                Pa. I.D. No. 87416
                mlogue@dscslaw.com
                William S. Stickman IV
                Pa. I.D. No. 200698
                wstickman@dscslaw.com
                The Waterfront Building
                200 First Avenue, Suite 300
                Pittsburgh, PA 15222
                (412) 261-2393

                *Counsel for Defendant*